## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, AT DAYTON
## CIVIL DIVISION

| | | |
|---|---|---|
| **ANDREW C. GRIMM** | : | **Case No. 17 CV 838** |
| **233 Canterbury Drive** | : | |
| **Springfield, Ohio 45503** | : | **Judge:** |
| | : | |
| **and,** | : | |
| | : | **COMPLAINT** |
| **MELANIE I. GRIMM** | : | |
| **233 Canterbury Drive** | : | (***Jury Demand Endorsed Hereon***) |
| **Springfield, Ohio 45503** | : | |
| | : | |
| **and,** | : | |
| | : | |
| **KBA NEWS, LLC** | : | |
| **114 S. Main St.** | : | |
| **New Carlisle, Ohio 45344** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **-vs-** | : | |
| | : | |
| **JACOB SHAW** | : | |
| **(Individually & in his professional capacity** | : | |
| **as a Clark County Deputy Sheriff)** | : | |
| **120 N. Fountain Avenue** | : | |
| **Springfield, Ohio 45502** | : | |
| | : | |
| **and,** | : | |
| | : | |
| **BOARD OF COUNTY COMMISSIONERS** | : | |
| **CLARK COUNTY, OHIO** | : | |
| **c/o County Administrator** | : | |
| **Jennifer Hutchinson** | : | |
| **50 E. Columbia Street, Ste 543** | : | |
| **Springfield, Ohio 45502** | : | |
| | : | |
| **and,** | : | |
| | : | |
| **CITY OF NEW CARLISLE** | : | |
| **c/o City Manager Randy Bridge** | : | |
| **331 S. Church Street** | : | |
| **New Carlisle, Ohio 45344** | : | |

1

|  | : |
|---|---|
| **Defendants.** | : |

Now come Plaintiffs, Andrew Grimm and Melanie Grimm (husband and wife) and KBA News, LLC, through their attorneys, alleging the following for their causes of action against the Defendants.

## PRELIMINARY STATEMENT

1. This is a civil rights action for money damages for injuries sustained by Plaintiffs Andrew Grimm, Melanie Grimm, and KBA News, LLC, as a result of the excessive use of force and violation of Mr. Grimm's constitutional and common law rights by Defendant, Officer Jacob Shaw, who was on duty as a Clark County Sheriff's Officer at the time of the incident.

2. During the evening hours of September 4, 2017, Andrew was inexplicably shot by Defendant, Officer Jacob Shaw, who was on duty at the time of the incident. Andrew posed no threat to anyone.

3. Andrew asserts claims under 42 U.S.C. § 1983 for violations of his right to be free from unreasonable searches and seizures, and excessive force under the protection of the Fourth and/or Fourteenth Amendments to the United States Constitution. Andrew asserts Section 1983 Claims against Clark County and the City of New Carlisle for their failure to properly hire, train and supervise law enforcement and for promulgating customs, policies, and practices, which proximately caused the violation of Andrew's federal constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Andrew also asserts pendant state law claims for battery and intentional infliction of serious emotional distress.

4. Plaintiff Melanie Grimm asserts loss of consortium claims as Andrew Grimm's wife and companion.

5. Plaintiff KBA News, LLC asserts loss of business profits as local law enforcement agencies have retaliated against the business in response to the events of September 4, 2017.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth, and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

7. Supplemental jurisdiction over state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

8. The matter in controversy exceeds SEVENTY-FIVE-THOUSAND DOLLARS, ($75,000.00), exclusive of interest and costs.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), (e)(1) and (e)(2).

10. Joinder of Plaintiffs' claims is proper pursuant to Fed.R. Civ.P. 20(a) because Plaintiffs' claims arise from the same transaction/incident(s) or series of transactions/incident(s) and share common issues of law and fact.

## PARTIES

11. Plaintiff Andrew Grimm is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protection of the Constitution and laws of the United States of America and the State of Ohio. All who know him call him Andy.

12. Plaintiff Melanie Grimm is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protection of the Constitution and laws of the United States of America and the State of Ohio. Melanie is the wife of Andy.

13. KBA News, LLC is a duly licensed Ohio limited liability company that is a family owned and operated business with the primary purpose of reporting the local news in the New Carlisle,

Ohio area. It is known to many as the New Carlisle News. Andy and his father are owners of the New Carlisle News.

14.     Defendant Jacob Shaw is, and was at all times relevant, a law enforcement officer employed by Clark County, Ohio, and under contract with the City of New Carlisle, who was acting under color of law within the course and scope and in furtherance of his employment. Defendant Shaw is a "person" under 42 U.S.C. § 1983. Defendant Shaw is sued herein in his individual and official capacities.

15.     Defendant Board of Commissioners Clark County, Ohio ("Clark County") is, and was at all relevant times, a political subdivision and unit of local government duly organized under the laws of the State of Ohio, located in the Southern District of Ohio, and acting under the color of law. Defendant Clark County, Ohio is a "person" under 42 U.S.C. § 1983.

16.     Defendant City of New Carlisle, Ohio ("City of New Carlisle") is, and was at all relevant times, a political subdivision and unit of local government duly organized under the laws of the State of Ohio, located in the Southern District of Ohio, and acting under the color of law. Defendant City of New Carlisle, Ohio is a "person" under 42 U.S.C. § 1983.

## STATEMENT OF FACTS

17.     Beginning June 5, 2017, Defendant Shaw was re-assigned to the New Carlisle Road Patrol.

18.     On information and belief, the City of New Carlisle contracts with Clark County for deputy services.

19.     Defendant Shaw had previously been assigned to the Clark County jail.

20.     Defendant Jacob Shaw was working in his official capacity as a Clark County Deputy during all relevant times for purposes of this Complaint.

21.     On September 4, 2017, Defendant Shaw was patrolling the City of New Carlisle.

22.     At all relevant times, Defendant Shaw was carrying a handgun on his person, as a service weapon.

23.     It is believed that Defendant Shaw was also wearing body armor at all relevant times.

24.     Defendant Shaw initiated a traffic stop on North Main Street in New Carlisle at approximately 10:10 p.m. September 4, 2017, for a speed violation.

25.     The stop was non-confrontational.

26.     North Main Street is a main thoroughfare through New Carlisle.

27.     Defendant Shaw asked for the driver's license and registration, which the driver provided.

28.     Defendant Shaw returned to and sat in his patrol vehicle to verify the information obtained during the traffic stop. The patrol car emergency lights were engaged.

29.     Plaintiff Andy Grimm is an owner and photographer for the local New Carlisle News.

30.     He is a member of the local press corps in and around New Carlisle and the greater Miami Valley area.

31.     Andy saw the stop and proceeded toward the stop that Defendant Shaw was conducting on North Main St., New Carlisle, Ohio.

32.     Andy came upon the traffic stop that was being conducted by Defendant Shaw.

33.     Andy parked his vehicle under a street lamp across the street from the traffic stop, and parallel, to Defendant Shaw's patrol vehicle.

34.     Andy flashed his vehicle lights to visually warn the Defendant of his presence.

35.     Andy recognized Defendant Shaw and waved at the Deputy.

36.     At all times Andy was in plain view under the streetlamp.

37.     Andy was wearing his press pass credentials around his neck.

38.     Andy began to set up his photography equipment to document the Defendant's stop.

39.     At approximately 10:15 p.m., Defendant Shaw, who was dressed in his official Clark County Sheriff Department uniform, wearing his Clark County issued body armor, and seated inside his official Clark County cruiser, fired two shots, across his body, upon Andy.

40.     Defendant Shaw gave no warning prior to discharging his weapon.

41.     One of Defendant Shaw's bullets ripped through Andrew Grimm's stomach.

42.     The other bullet grazed Andy's shoulder.

43.     Defendant Shaw intended to shoot at Andy.

44.     Defendant Shaw intended to kill or cause serious bodily injury to Andy.

45.     Andy did not possess any weapons, only a camera.

46.     Andy presented no danger to himself or anyone around him.

47.     Defendant Shaw exited his cruiser and ran toward Andy.

48.     Thereafter, Defendant Shaw immediately recognized Andy and the wrongfulness of his decision.

49.     Defendant Shaw went over to Grimm and radioed "shots fired" and called for emergency responders. Defendant began to administer first aid upon Andy.

50.     Andy was bleeding heavily from both the entry and exit wound.

51.     Andy wanted his phone so that he could call his wife.

52.     Andy wanted his camera protected because it was his livelihood.

53.     Andy waited a total of five minutes for emergency responders to arrive on scene.

54.     When additional officers arrived, Defendant Shaw was escorted away from the scene.

55.     Defendant Shaw was advised to not discuss the shooting with anyone until he returned to the Sheriff's Department.

56.     Andy was transported by ambulance to Miami Valley Hospital and underwent treatment for his gunshot wounds.

57.     Andy arrived at Miami Valley Hospital at 10:55 p.m. on September 4, 2017.

58.     Upon examination. Andy suffered a gunshot entrance wound in the left lower anterior chest wall with a second exit wound in the left lower posterior chest wall.

59.     Andy was taken to Pre-Op at 11:15 p.m. on September 4, 2017.

60.     Andy was escorted to the Operating Room at 11:44 p.m. Anesthesia was prepared and administered at 11:50 p.m.

61.     Surgeons performed a laparoscopy upon Grimm at 12:06 a.m. on September 5, 2017.

62.     Surgeons cleaned and packed the wounds at 12:22 a.m. on September 5, 2017. Andy was taken out of the Operating Room at 12:33 a.m. and was taken to the postanesthesia care unit.

63.     Andy came out of anesthesia at 12:38 a.m. where doctors and nurses continued to monitor and care for him.

64.     On that same day, at 5:07 a.m. and again at 1:15 p.m., the personal medical records of Andy were unlawfully accessed by employees of Premier Health.

65.     Why and for whom that information was unlawfully accessed is currently unknown.

66.     Since the shooting of Andy, the City of New Carlisle and the Clark County Sheriff's office have withheld and/or delayed providing KBA News, LLC information regarding the community.

67.     The Clark County Sheriff's office is retaliating against KBA News, LLC in reaction to the events that took place on September 4, 2017.

68.     As a result of Defendant Officer Shaw's conduct, Andy sustained injuries to his body, which caused him to miss time at his business.

69.     As a result of Defendant Officer Shaw's use of excessive force, Andy has suffered from an assortment of symptoms, including headaches, shaking, anxiety, difficulty sleeping, and lowered self-confidence, as well as feelings of hopelessness, embarrassment, paranoia, helplessness, confusion, fear, and nervousness.

70.     As a result of Defendant Officer Shaw's use of excessive force, Andy is very anxious upon seeing deputies or other law enforcement officers.

71.     As a result of Defendant Officer Shaw's use of excessive force, Andy's professional career has suffered.

72.     Andy did not experience any of the above symptoms and injuries before Defendant Shaw attacked him.

73.     As a result of Defendant Shaw's use of excessive force, Melanie Grimm cared for her husband's wounds, and suffered severe emotional distress and loss of consortium with her husband.

74.     On information and belief, neither the City of New Carlisle nor Clark County have taken any disciplinary action against Defendant Shaw.

75.     On information and belief, Defendant Shaw was placed back on active duty, with a firearm, prior to the resolution of the criminal investigation preformed by Ohio Bureau of Criminal Investigation ("BCI").

76.     Defendant Shaw has a history of sub-standard law enforcement work.

77.     Defendants City of New Carlisle and Clark County have failed to properly hire, train, maintain and supervise law enforcement officers.

## FIRST CLAIM FOR RELIEF

**(Andrew Grimm 42 U.S.C. § 1983 Against Defendant Shaw for Excessive Force in Violation of the Fourth and/or Fourteenth Amendment)**

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

79.     At the aforementioned time and place, Defendant Shaw, acting under color of law and within the course and scope of his employment as a law enforcement officer with Clark County & the City of New Carlisle used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff Andrew Grimm in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

80.     Defendant Shaw's use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

81.     Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Plaintiff Andrew Grimm's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and/or his clearly established Fourteenth Amendment liberty interest in bodily integrity protected by the substantive component of the due process clause and that the activity engaged in "shocks the conscience."

82.     Defendant Shaw callously and recklessly disregarded Plaintiff Andrew Grimm's federally protected rights.

83.     As a direct and proximate result of Defendant Shaw's uses of force in violation of Plaintiff Andrew Grimm's clearly established Fourth and/or Fourteenth Amendment rights, Plaintiff

Andrew Grimm was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE**, Plaintiff Andrew Grimm prays for judgment against Defendant Shaw for:

a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff Andrew Grimm for his injury, damage, and loss;

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. All such other relief to which Plaintiff Andrew Grimm is entitled and/or the Court deems appropriate.

## SECOND CLAIM FOR RELIEF

**(Andrew Grimm 42 U.S.C. § 1983 Against Defendants Clark County, Ohio and the City of New Carlisle, for Failure to Hire, Train, and Supervise and for Customs, Policies, and Practices Causing Violations of the Fourth Amendment)**

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

85.     Defendants Clark County & the City of New Carlisle failed to properly screen potential Sheriff candidates through the background review process.

86.     On information and belief, Defendant Shaw has a history of substandard deputy work.

87.     On information and belief, Defendants Clark County & the City of New Carlisle failed to adequately and properly train and/or supervise Defendant Shaw.

10

88.     Defendant Clark County ratified Defendant Shaw and the conduct described herein by allowing him to return to his Sheriff duties before the results of BCI's criminal investigation were concluded.

89.     On information and belief, Defendants Clark County and the City of New Carlisle, implemented customs and policies for training and supervision of Clark County Deputies on searches and seizures, that, on their face, violate the Fourth Amendment. Alternatively, on information and belief, Clark County and the City of New Carlisle implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon those inhabiting, visiting, or otherwise within the jurisdictional limits of the Clark County, including Plaintiff Andrew Grimm.

90.     As a direct and proximate result of Defendants Clark County and the City of New Carlisle's customs, policies, and practices described herein, which violate the Fourth Amendment on their face, or otherwise are applied in a manner such that Fourth Amendment violations are likely to occur, Plaintiff Andrew Grimm was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering and pecuniary loss.

**WHEREFORE**, Plaintiff Andrew Grimm prays for judgment against Clark County and the City of New Carlisle, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

b. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

c. All such other relief which the Court deems appropriate.

11

## THIRD CLAIM FOR RELIEF

**(Andrew Grimm Common Law Assault and Battery Against Defendants Shaw, Clark County, Ohio, and City of New Carlisle, Ohio)**

91.     Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

92.     On September 4, 2017, Defendant Shaw threatened bodily harm against Andrew Grimm by pointing and discharging his service weapon towards Grimm, which caused Andrew Grimm to be in fear of imminent peril and death.

93.     On September 4, 2017, Defendant Shaw had apparent authority and ability to carry out bodily harm and, in fact did, intentionally and without permission or warning, touch and injure Andrew Grimm.

94.     At all times relevant, Defendant Shaw was acting within the course, scope, and in furtherance of his employment with Clark County and the City of New Carlisle, Ohio, rendering Defendants Clark County and the City of New Carlisle, Ohio, vicariously liable for his conduct.

95.     Defendant Shaw battered Andrew Grimm with malicious purpose, in bad faith, and in a reckless or wanton manner.

96.     As a direct and proximate result of being battered by Defendant Shaw, Andrew Grimm was forced to endure and suffer, and continues to endure and suffer, extreme physical, mental, and emotional pain and suffering.

**WHEREFORE**, Plaintiff Andrew Grimm prays for judgment against Defendants Shaw, Clark County and the City of New Carlisle, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff Andrew Grimm for his injury, damage, and loss;

b. Punitive damages against Defendant Shaw in an amount that will serve to adequately

punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which Plaintiff Andrew Grimm is entitled and/or the Court deems

appropriate.

## FOURTH CLAIM FOR RELIEF

**(Andrew Grimm and Melanie Grimms Common Law Intentional Infliction of Emotional**

**Distress Claims Against Defendants Shaw, Clark County and the City of New Carlisle)**

97.     Plaintiffs Andrew Grimm and Melanie Grimm repeat, reiterate, and reallege each and every

paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

98.     Defendant Shaw either intended to cause emotional distress or knew or should have known

that his actions would result in serious emotional distress to Plaintiff Andrew Grimm and his wife

Melanie.

99.     Defendant Shaw's conduct was so extreme and outrageous as to go beyond all possible

bounds of decency and was utterly intolerable in a civilized society.

100.     As a direct and proximate result of Defendant Shaw's actions, Plaintiffs Andrew Grimm

and Melanie Grimm suffered psychic injury; and the mental anguish suffered by Andrew and

Melanie Grimm is serious and of a nature that no reasonable person could be expected to endure.

101.     Defendant Shaw was acting within the course, scope, and in furtherance of his employment

with Defendants Clark County, Ohio and the City of New Carlisle, Ohio.

**WHEREFORE**, Plaintiff Andrew and Melanie Grimm prays for judgment against Defendants

Shaw, Clark County, Ohio and the City of New Carlisle, Ohio, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

b. Punitive damages against Defendant Shaw in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief which the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF

## (Melanie Grimm Loss of Consortium Against Defendants Shaw, Clark County and the City of New Carlisle)

102.    Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

103.    At all relevant times hereto, Plaintiff Melanie Grimm suffered injuries and losses as a result of Andrew Grimm's injuries.

104.    Before suffering the injuries resulting from the accident, Andrew Grimm was able to and did perform all the duties of a husband and did perform these duties, including but not limited to maintaining the home, providing love, companionship, affection, society, sexual relations, moral support, and solace to his wife, Melanie Grimm.

105.    As a direct and proximate result of Defendant Shaw's actions, Plaintiff Andrew Grimm suffered a traumatic injury. The nature of the injury has caused Melanie Grimm to suffer the loss of consortium and companionship of her husband; and the loss of consortium and companionship suffered by Melanie Grimm is serious and of a nature that no reasonable person could be expected to endure.

106.    Defendant Shaw was acting within the course, scope, and in furtherance of his employment with Defendants Clark County and the City of New Carlisle.

**WHEREFORE**, Plaintiff Melanie Grimm prays for judgment against Defendants Shaw, Clark County and the City of New Carlisle, jointly and severally, for:

a.    Compensatory damages in an amount that will fully and fairly compensate her for her injury, damage, and loss;

b.    Punitive damages against Defendant Shaw in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.    Costs of suit and reasonable attorneys' fees; and

d.    All such other relief which the Court deems appropriate.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**(Andrew Grimm Lost Wages Against Defendants Shaw, Clark County and the City of New Carlisle)**

107.    Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

108.    As a direct and proximate result of Defendant Shaw's actions, Plaintiff Andrew Grimm suffered a traumatic injury. The nature of the injury has caused Plaintiff to lose wages for time taken off to heal from the injury. The loss of wages suffered by Andrew Grimm is serious and of a nature that no reasonable person could be expected to endure.

109.    As a direct and proximate result of Defendant Shaw's actions, Plaintiff Andrew Grimm is no longer offered business opportunities because of the infamy this situation has brought to himself and his family.

110.    Defendant Shaw was acting within the course, scope, and in furtherance of his employment with Defendants Clark County and the City of New Carlisle, Ohio.

**WHEREFORE**, Plaintiff Andy Grimm prays for judgment against Defendants Shaw, Clark County and the City of New Carlisle, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate him for his injury, damage, and loss;

b. Punitive damages against Defendant Shaw in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief which the Court deems appropriate.

**SEVENTH CLAIM FOR RELIEF**

**(KBA News, LLC Claim of Intentional Interference with Contractual Relations Against Defendants Shaw, the City of New Carlisle, and Clark County)**

111.    Plaintiffs repeat, reiterate, and reallege each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

112.    As a direct and proximate result of Defendant Shaw's actions, Plaintiff KBA News, LLC is not receiving the same cooperation from the City of New Carlisle or Clark County regarding accessing information that its readers rely upon and value from the New Carlisle News.

113.    On information and belief, the City of New Carlisle and Clark County are retaliating against KBA News, LLC for the unlawful action of Defendant Shaw.

114.    This retaliation is making the New Carlisle News much less valuable to its subscribers.

**WHEREFORE**, Plaintiff KBA News, LLC prays for judgment against Defendants Shaw, the City of New Carlisle, and Clark County, jointly and severally, for:

a. Compensatory damages in an amount that will fully and fairly compensate it for its injury, damage, and loss;

b. Punitive damages against Clark County in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief which the Court deems appropriate.

Respectfully submitted

/s/ Argeri A. Lagos
Argeri A. Lagos, Esq. (0086403)
LAGOS & LAGOS, P.L.L.
5057 Troy Road
Springfield, Ohio 45502
(937) 323-5555 Phone
(937) 323-6564 Facsimile
Argeri@LagosGroups.com
Counsel for Plaintiffs

/s/ Yianni D. Lagos
Yianni D. Lagos, Esq. (0087689)
LAGOS & LAGOS, P.L.L.
5057 Troy Road
Springfield, Ohio 45502
(937) 323-5555 Phone
(937) 323-6564 Facsimile
Yianni@LagosGroups.com
Counsel for Plaintiffs

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury on all issues so triable

<u>/s/ Argeri A. Lagos</u>
Argeri A. Lagos, Esq. (0086403)
LAGOS & LAGOS, P.L.L.
Counsel for Plaintiffs